# Exhibit E

AIG0L01:sess11/10/2015

Friend, Hudak & Harris, LLP
Attorneys at Law
Three Ravinia Drive | Suite 1700
Atlanta, GA 30346

770.399.9500 | FH2.com
770.395.0000 Facsimile
770.399.4228 Direct



FriendHudakHarris

MReeves@fh2.com

November 4, 2015

**VIA CERTIFIED MAIL NO. 7012 1640 0000 8759 6987**
**RETURN RECEIPT REQUESTED**
**AND EMAIL TO: Tracy.bontrager@aig.com**

Tracy P. Bontrager
Director, Complex Claims
AIG Property and Casualty
P.O. Box 25588
Shawnee Mission, KS 66225

Re:  Lawsuit:    Christopher Mitchell v. Curtis and Nicole Kaiser, et al
     Insured:    Essential Ingredients, Inc.
     Policy #:   13823866
     Claim #:    3148669105us

Dear Ms. Bontrager:

Our client and AIG's insured, Essential Ingredients, Inc., rejects AIG's attempt to disclaim coverage for Essential Ingredients in the above-styled action, Civil Action No. 15-CI-294, in the Henderson Circuit Court, Commonwealth of Kentucky, the "Lawsuit."

Among other issues, Essential Ingredients disputes the accuracy of AIG's analysis of Endorsement 11 and its applicability to the Lawsuit. Any ambiguity in AIG's policy or purported declination will be construed strictly against AIG and liberally in favor of Essential Ingredients.

This letter assumes there was no Reservation of Rights letter or non-waiver agreement issued or obtained by AIG prior to retaining counsel for Essential Ingredients, Inc. and assuming and conducting a defense in the Lawsuit.

Having assumed and conducted an initial defense without notifying Essential Ingredients that it is doing so with a reservation of rights, AIG is estopped to assert the defense of non-coverage based on Endorsement 11 or any other defense to coverage:

> Under Georgia law, "risks not covered by the terms of an
> insurance policy, or risks excluded therefrom, while normally
> not subject to the doctrine of waiver and estoppel, may be
> subject to the doctrine where the insurer, without reserving

Tracy P. Bontrager
November 4, 2015
Page 2

FriendHudakHarris

its rights, assumes the defense of an action or continues such defense with knowledge, actual or constructive, of noncoverage." [Emphasis added.]

*World Harvest Church, Inc. v. GuideOne Mut. Ins. Co*, 287 Ga. 149, 151, 695 S.E.2d 6, 9 (2010).

This principle is true regardless of whether Essential Ingredients can show prejudice. (287 Ga. at 156, 695 S.E.2d at 12.)

Essential Ingredients demands that AIG not consummate its threatened breach of the insurance contract and of its duty to defend and indemnify, withdraw its purported coverage declination, and continue to defend and indemnify Essential Ingredients in the Lawsuit.

Thank you for your cooperation.

Very truly yours,

Michael S. Reeves

MSR/ri
cc:   Essential Ingredients, Inc.
      Jon Nordin, Pritchard & Jerden

AIG0L001:sess1 11/10/2015