# Exhibit F

**CARLTON FIELDS**
**JORDEN BURT**

ATTORNEYS AT LAW

One Atlantic Center
1201 West Peachtree Street | Suite 3000
Atlanta, Georgia  30309-3455
404.815.3400 | fax 404.815.3415
www.CFJBLaw.com

**Atlanta**
Hartford
Los  Angeles
Miami
New York
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

Christopher B. Freeman
Shareholder
404.815.2710 Direct Dial
cfreeman@cfjblaw.com

December 29, 2015

Michael S. Reeves                                                   *Via E-Mail*
Friends, Hudak & Harris, LLP
Three Ravina Drive, Suite 1700
Atlanta, Georgia 30346
mreeves@fh2.com

Re:    Insured:           Essential Ingredients, Inc.
       Claimant:          Christopher Mitchell
       Carrier:           AIG Specialty Insurance Company
       Policy No:         EG 13823866 (the "Policy")
       Claim No.          3148669105us

Dear Mr. Reeves:

We are counsel for AIG Specialty Insurance Company f/k/a Chartis Specialty Insurance Company ("AIG").  This letter is in response to your correspondence dated November 4, 2015, in which Essential Ingredients, Inc. ("Essential Ingredients") purports to "reject" AIG's October 12, 2015 disclaimer of coverage for the matter of Christopher Mitchell v. Curtis and Nicole Kaiser, et al., Henderson Circuit Court, Commonwealth of Kentucky, Civil Action No. 15-CI-294 (the "Lawsuit").  Please direct any future correspondence regarding this matter to our attention.

In the November 4, 2015 correspondence, you reference Essential Ingredients' "dispute [with] the accuracy of AIG's analysis of Endorsement 11 [the Designated Products Exclusion]." However, no explanation of the basis for this alleged dispute was provided.  Rather, only a vague reference to the rule of construction that ambiguous policy exclusions will be construed in favor of the insured was made.  While that may be true as a general matter, there is no ambiguity here.  The Designated Products Exclusion unambiguously bars coverage for claims of "bodily injury" or "property damage" arising out of "Klucel," which is the exact product at issue in the Lawsuit. To the extent Essential Ingredients wishes to elaborate on its contention that this specific policy exclusion is inapplicable on its face, please provide additional information.

It appears, however, that the thrust of Essentially Ingredients' position is its contention that AIG is barred from disclaiming coverage due to its allegedly having assumed and conducted an initial defense without notifying Essential Ingredients of its coverage position.  For the reasons explained below, this contention is without factual or legal support.

Michael S. Reeves
December 29, 2015
Page 2 of 4

On July 7, 2015, AIG received the First Amended Complaint from Essential Ingredients. Contemporaneously with its tender of the Lawsuit to AIG, Essential Ingredients specifically requested that Weinberg Wheeler Hudgins Gunn & Dial ("Weinberg Wheeler") be assigned as defense counsel, and AIG requested more information regarding counsel from the insured.  On July 13, 2015, AIG's adjuster spoke with an attorney from Weinberg Wheeler, who, per the attorney, had already been retained by the insured.  She indicated that she had handled similar claims for Essential Ingredients for several years, including when Essential Ingredients was with a prior carrier.  She requested that she be permitted to stay on the case as counsel due to the firm's prior experience, and indicated that an extension of the time to respond to the complaint has already been obtained (presumably by her as counsel for Essential Ingredients).  It was not until July 17, 2015, however, that AIG consented to the insured's prior retention of Weinberg Wheeler.

On September 17, 2015, AIG's coverage position regarding noncoverage due to the application of the Designated Products Exclusion was communicated to Essential Ingredients' retained defense counsel, who was advised that the defense would be withdrawn within thirty days.  On October 2, 2015, defense counsel filed a Motion to Dismiss Plaintiff's Second Amended Complaint on behalf of Essential Ingredients.  No answer or other defenses were filed or raised at that time, and it is AIG's understanding that any responsive pleading will not be filed unless and until Essential Ingredients' Motion to Dismiss is denied.  Ten days later, on October 12, 2015, AIG confirmed its declination of coverage by correspondence to Essential Ingredients.

As a general rule under Georgia law, neither waiver nor estoppel can be used to create liability not created by the insurance contract and not assumed by the insurer under the terms of the policy.  Andrews v. Ga. Farm Bureau Mut. Ins. Co., 487 S.E.2d 3, 4 (Ga. Ct. App. 1997).  Although there is a narrow exception to the general rule where an insurer assumes and conducts a defense of its insured, with knowledge of bases for noncoverage and without effectively notifying the insured that it is doing so with a reservation of rights, the exception – grounded in the doctrine of estoppel – is inapplicable here for two reasons.  World Harvest Church, Inc. v. GuideOne Mutual Insurance Company, 695 S.E.2d 6 (Ga. 2010).

First, the "rule of estoppel is limited by the principle that a liability insurer may avoid operation of the rule by giving the insured timely notice that, notwithstanding its defense of the action against him it has not waived the defenses available to it against the insured. … The consent of the insured to the nonwaiver notice either may be express or implied [from] the insured's tacit acquiescence in the insurer's unilateral reservation of right; e.g., where the insured, after receiving such notice, permits the insurer to continue defense of the suit."  State Farm Mut. Auto. Ins. Co. v. Anderson, 123 S.E.2d 191, 193 (Ga. Ct. App. 1961) (citations omitted).  Moreover, Georgia courts have repeatedly recognized that the mere entry of an appearance by counsel provided by the insurer is insufficient to establish an estoppel.  See, e.g., Prescott's Altama Datson, Inc. v. Monarch Ins. Co., 319 S.E.2d 445 (Ga. 1984) (the entry of an appearance alone does not create an estoppel); Home Indem. Co. v. Godley, 177 S.E.2d 105 (Ga. App. 1970) ("An entry of appearance for the insured by the insurer does not of itself constitute a waiver of available defenses, but the insurer is entitled to a reasonable time in which to investigate the facts.").

It is unclear when, if ever, Weinberg Wheeler entered an appearance on the insured's behalf in advance of filing the Motion to Dismiss on October 2, 2015.  Even assuming, however, that an appearance had been entered at or around the time AIG consented to the use of

102928373.2

Michael S. Reeves
December 29, 2015
Page 3 of 4

Weinberg Wheeler as counsel, AIG had already placed Essential Ingredients on notice of its disclaimer of coverage and withdrawal of the defense prior to the filing of the Motion to Dismiss. Indeed, Essential Ingredients' chosen defense counsel was notified that coverage would be disclaimed, and the defense withdrawn within thirty days, no later than September 17, 2015. According to general agency principles, "[n]otice to the agent of any matter connected with his agency shall be notice to the principal." O.C.G.A. § 10–6–58; Witcher v. JSD Properties, LLC, 286 Ga. 717, 719, 690 S.E.2d 855 (2010).  See also Kay–Lex Co. v. Essex Ins. Co., 286 Ga. App. 484, 489, 649 S.E.2d 602 (2007).  Accordingly, as Essential Ingredients' was on notice of AIG's defense of noncoverage before any motions or pleadings were filed on its behalf, there is no basis for application of the doctrine of estoppel.  At most, defense counsel had merely entered an appearance, which is insufficient to support estoppel as a matter of law.

Second, although you correctly note that, following World Harvest, there may be a presumption of prejudice where an insured accepts the insurer's defense without a timely and effective reservation of rights, the Georgia Supreme Court recognized that the presumption is based on the rationale that in tendering the defense to its carrier

> the insured has surrendered innumerable rights associated with the control of the defense, including the choice of counsel, the ability to negotiate a settlement, along with determining the timing of such negotiations, and the ability to decide when and if certain defenses or claims will be asserted.

World Harvest, 695 S.E.2d at 12 (citations omitted).  Under these circumstances, prejudice is established "of necessity" because "[t]he course cannot be rerun, no amount of evidence will prove what might have occurred if a different route had been taken."  Id. (citation omitted).

Here, however, Essential Ingredients surrendered nothing, including the control of its defense.  Defense counsel was selected by Essential Ingredients, who specifically requested Weinberg Wheeler based on its prior experience defending the insured against similar lawsuits and familiarity with the facts.  Rather than demand that Essential Ingredients accept panel counsel of AIG's choosing, AIG acquiesced to Essential Ingredients' request that it be permitted to use counsel of its own choosing.  This fact alone is fatal to any claim of estoppel. Additionally, at the time AIG disclaimed coverage in writing and ceased funding the defense, the present the course of the Lawsuit had not been "irrevocably fixed."  Id. at 12.  To the contrary, as no answer or responsive pleading had been filed, Essential Ingredients retains full control over "when and if certain defenses or claims will be asserted."  Id.  Essential Ingredients has not admitted any allegations of the complaint, and discovery has yet to begin due to the filing of the Motion to Dismiss.

In light of these facts, and given the general rule under Georgia law that neither waiver nor estoppel can be used to create liability not created by the insurance contract and not assumed by the insurer under the terms of the policy, there is no presumption of prejudice here. Application of the doctrine of estoppel does not apply where, as here, an insurer merely funds the defense using counsel demanded by the insured.

Michael S. Reeves
December 29, 2015
Page 4 of 4


        After you have had an opportunity to review this letter, we would welcome the opportunity to discuss it with you further.  In the interim, please feel free to call should you have any questions.


                                        Sincerely,

                                        CARLTON FIELDS JORDEN BURT, P.A.


                                        Christopher B. Freeman

CBF/edm


cc:     Tracy Bontrager