UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE COMPANY f/k/a Chartis Specialty Insurance Company, an Illinois Corporation, | ) ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. 1:16-CV-994 |
| ESSENTIAL INGREDIENTS, INC. a Georgia Corporation, | ) ) ) | |
| Defendant. | ) | |

_____

**Defendant Essential Ingredients, Inc.'s
Memorandum In Support of Motion to Dismiss
For Failure to Join an Indispensable Party**

_____

## **INTRODUCTION**

AIG SPECIALTY INSURANCE COMPANY filed this declaratory judgment action seeking a declaration that it has no duty to defend or indemnify Essential Ingredients in a law suit filed by Christopher R. Mitchell in Kentucky. AIG did not name the underlying tort claimant, Mitchell, as a party to the declaratory judgment action. AIG's Complaint should be dismissed because Mitchell is an indispensable party not subject to the jurisdiction of this Court.

1

# FACTS

In June 2015, Christopher R. Mitchell ("Mitchell") filed a lawsuit in Kentucky. (Doc. 1-1.) (the "Underlying Action") Essential Ingredients, Inc. ("Essential") was named as a defendant in the Underlying Action. Mitchell contends that Essential and other defendants manufactured, distributed, and sold defective products that caused injury to Mitchell.

AIG SPECIALTY INSURANCE COMPANY ("AIG") issued a commercial general liability insurance policy to Defendant Essential. (Doc. 1-3.) After service of the Underlying Lawsuit, Essential tendered the defense to AIG.

On March 28, 2016, AIG filed this declaratory judgment action seeking a judgment that it has no duty to defend or indemnify Essential for the claims asserted in the Underlying Action. (Doc. 1.) Mitchell is not a party to AIG's Complaint for Declaratory Judgment. (Doc. 1.)

Mitchell is a citizen and domiciliary of Webster County, Kentucky, normally residing at 300 Shady Grove Knoblick Road, Sebree, Kentucky 42455. (Doc. 1-1, p. 6 of 28, ¶ 1.)

# ARGUMENT AND CITATION OF AUTHORITY

In analyzing Essential's Motion to Dismiss, it is first necessary to determine whether the injured party, Mitchell, is indispensable under Fed. R. Civ. P. 19. That involves a two-part inquiry. First, the court should determine whether the absent

party is "required." Second, the court should determine whether the action should proceed among the existing parties or should be dismissed.

## I. MITCHELL IS A REQUIRED PARTY IN AN ACTION SEEKING A DETERMINATION OF INSURANCE COVERAGE.

Under Fed. R. Civ. P. 19(a), a person who is subject to jurisdiction must be joined as a party if, in that person's absence, the existing parties cannot be afforded complete relief; or, the absent person claims an interest and disposing of the action in his absence may impair his interest, or expose an existing party to a substantial risk of inconsistent obligations.

Mitchell is "so situated that the disposition of the action in his absence may … as a practical matter impair or impede his ability to protect that interest. …" Fed. R. Civ. P. 19(a)(1)(B)(i). Mitchell's interest in the insurance policy is "real and substantial." *Central Sur. & Ins. Co. v. Norris*, 103 F.2d 116, 117 (5th Cir. 1939). (Tort claimants ought to be retained as parties to be heard and to be bound by the result.)

In *Ranger Ins. Co. v. United Housing of New Mexico, Inc.*, 488 F.2d 682 (5th Cir. 1974), the Fifth Circuit determined that the tort claimants were indispensable parties to an insurer's declaratory judgment action against the insured. The Court determined that, in proceeding without them, "the claimants' interests would be prejudiced." (*Ranger*, 488 F.2d at 684.)

The Eleventh Circuit has followed the Fifth Circuit precedent. In *Am. Safety Cas. Ins. Co. v. Condor Assocs., Ltd.*, 129 Fed. Appx. 540 (11th Cir. 2005), the Court identified the Fifth Circuit decision in *Ranger* as binding precedent.[1] (129 F. App'x. at 542.)

In *Colony Nat'l Ins. Co. v. The Teaford Co., Inc.*, 2010 WL 4339369 *2-3 (N.D. Ga. 2010), the District Court discussed *Am. Safety Cas. Ins. Co*.: "The Eleventh Circuit held that the district court would have abused its discretion had it had not followed the binding case of *Ranger*...." *Id*. The court held: "… the Injured Defendants are required parties to declaratory judgment actions under Federal Rule of Civil Procedure 19. *Id*.

In *Owners Ins. Co. v. Rightway Drywall, Inc*., 2011 WL 2473134 (M.D. Ga. June 22, 2011), the District Court reviewed the existing authority and stated: "The Court is bound by *Ranger* and its rule." (2011 WL 2473134, at *1.)

The law in the Eleventh Circuit and in this District is clear. Under Fed. R. Civ. P. 19, the tort claimant is a required party to an insurer's declaratory judgment action against the insured.

---

[1] The Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981. *Bonner v. Pritchard*, 661 F.2d 1206, 1209 (5th Cir. 1981) (*en banc*).

## II. THIS ACTION SHOULD NOT PROCEED IN MITCHELL'S ABSENCE.

The second step, in Rule 19(b), asks "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

The *Ranger* court reviewed the four factors to be considered in determining whether a judgment rendered in the absence of the tort claimant might be prejudicial to him <u>or</u> those already parties. The Court reasoned that if the absent tort claimant received a judgment against the insured in the underlying lawsuit, the tort claimant would have to contend with the *stare decisis* effect of a judgment in a case in which it was not involved or would be forced to re-litigate the effect of the judgment in a separate, direct action against the insurer. Proceeding in the absence of the tort claimant might also prejudice the insured. Having not been a party, Mitchell could contend he is not bound by the coverage determination and could make an effort to re-litigate coverage in another forum. Either the judgment would prejudice the tort claimant (violating the first factor) <u>or</u> the judgment would not be adequate to finally resolve the issue (violating the third factor). (*Ranger*, 488 F.2d at 683.)

In *Am. Safety Cas. Ins. Co. v. Condor Assocs., Ltd.*, 129 Fed. Appx. 540 (11th Cir. 2005), the Eleventh Circuit rejected the insurer's argument that the tort claimants had an "identity of interest" with the policyholder and therefore would not be prejudiced. (129 F. App'x. at 542.)

5

*Greenwich Ins. Co. v. Rodgers*, 729 F.Supp.2d 1158, 1165 (C.D.Cal. 2010): "The Fifth Circuit also recognized that proceeding without the injured third party in such circumstances risked prejudice both to the third party and to the existing parties."

In sum, if Mitchell were to obtain a judgment against Essential in the Underlying Action but was absent in the coverage case, Mitchell's interest might be prejudiced and the existing parties (AIG and Essential) would not be afforded complete relief. Thus, this action should not proceed in Mitchell's absence.

**III.    THIS ACTION IS DUE TO BE DISMISSED BECAUSE MITCHELL IS NOT SUBJECT TO THE JURISDICTION OF THIS COURT**.

Once it is determined that a party is necessary to the action, the next step is to determine whether said party can be joined, and, if not, whether the case should be dismissed. Fed. R. Civ. P. 19(b).

**A**.    **Mitchell Cannot Be Joined as a Party**.

Mitchell is a Kentucky resident. (Doc. 1-1, p. 6 of 28, ¶ 1.) The accident occurred in Kentucky. Plaintiff has not alleged Mitchell has any contacts with Georgia. Mitchell is not subject to the jurisdiction of this Court and cannot be joined.

**B.      Since Mitchell Cannot Be Joined, Plaintiff's Complaint Should Be Dismissed**.

Under Fed. R. Civ. P. 19(b), if a necessary party is required to be joined but joinder is not feasible, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or be dismissed.

Because the absent tort claimants could not be joined as parties, the *Ranger* court affirmed the dismissal of the declaratory judgment action. (488 F.2d at 684.)

The Eleventh Circuit has also affirmed the dismissal of an insurer's declaratory judgment action for failure to join the underlying tort claimants. *Am. Safety Cas. Ins. Co. v. Condor Assocs., Ltd.*, 129 Fed. Appx. 540, 542 (11th Cir. 2005).

District Courts in Georgia are required to apply the same principles. *See*, *Owners Ins. Co. v. Bryant*, 2006 WL 50488, at *4 (M.D.Ga. 2006) (following *Ranger* and *Am. Safety Cas. Co*. and finding that a co-defendant in the underlying action is a necessary party in a declaratory judgment action by the insurer); *Colony Nat'l Ins. Co. v. Teaford Co*., 2010 WL 4339369, at *2 (N.D.Ga. 2010) (finding Alabama residents were not subject to the jurisdiction of the Northern District of Georgia and, because those tort claimants were necessary parties not subject to jurisdiction, dismissing the declaratory judgment action); *Owners Ins. Co. v. Rightway Drywall, Inc*., 2011 WL 2473134 at *1 (M.D. Ga. 2011) (dismissing declaratory judgment action after non-resident tort claimant was dismissed from suit for lack of personal jurisdiction).

## CONCLUSION

The underlying tort claimant, Mitchell, is an indispensable party. He cannot be joined. AIG's Complaint should be dismissed for failure to join an indispensable party under Rule 19.

Respectfully submitted this 19th day of October, 2016.

FRIEND, HUDAK & HARRIS, LLP

/s/ Michael S. Reeves
_____
MICHAEL S. REEVES
Georgia Bar No. 598375
BENJAMIN M. BYRD
Georgia Bar No. 141216
Attorneys for Defendant

Three Ravinia Drive, Suite 1700
Atlanta, Georgia 30346-2117
(770) 399-9500
(770) 395-0000 (FAX)
mreeves@fh2.com
bbyrd@fh2.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE COMPANY f/k/a Chartis Specialty Insurance Company, an Illinois Corporation, | ) ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Civil Action No. 1:16-CV-994 |
| ESSENTIAL INGREDIENTS, INC. a Georgia Corporation, | ) ) ) | |
| Defendant. | ) | |

_____

**CERTIFICATE OF SERVICE**
_____

The undersigned certifies that on this day he served a copy of the foregoing **Defendant Essential Ingredients, Inc.'s Memorandum In Support of Motion to Dismiss of Motion to Dismiss for Failure to Join an Indispensable Party** by filing a copy with the Court's CM/ECF system, which will automatically serve a copy on all counsel of record:

> Christopher B. Freeman,
> Meredith W. Caiafa,
> CARLTON FIELDS JORDEN BURT, P.A.
> 1201 West Peachtree Street, Suite 3000
> Atlanta, Georgia 30309-3455
> cfreeman@carltonfields.com
> mcaiafa@carltonfields.com
> *Attorneys for Plaintiff AIG Specialty*

This 19th day of October, 2016.

                                          FRIEND, HUDAK & HARRIS, LLP

                                          /s/ Michael S. Reeves
                                          _____
                                          MICHAEL S. REEVES
                                          Georgia Bar No. 598375
                                          BENJAMIN M. BYRD
                                          Georgia Bar No. 141216
                                          *Attorneys for Plaintiff*

Three Ravinia Drive, Suite 1700
Atlanta, Georgia 30346-2117
Telephone:  (770) 399-9500
Facsimile:   (770) 395-0000
mreeves@fh2.com
bbyrd@fh2.com